# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

TINA MARIE FARR,

        Plaintiff,

v.                                            Case No. 2:20-cv-782-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### I. Status

Tina Marie Farr ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for benefits. Plaintiff applied for disability insurance benefits ("DIB"), supplemental security income ("SSI"), and widow's insurance benefits ("WIB"),[3]

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 21), filed April 22, 2021; Reference Order (Doc. No. 23), entered April 23, 2021.

[3] See 42 U.S.C. § 402(e) (discussing requirements for WIB).

and all three applications were denied by the SSA. There is some confusion—discussed in detail later—about which of these denials Plaintiff now challenges.

Plaintiff's alleged inability to work is the result of severe seizures and anxiety attacks. See Transcript of Administrative Proceedings (Doc. No. 22; "Tr." or "administrative transcript"), filed April 22, 2021, at 102, 114, 124, 278. On April 17, 2017, Plaintiff filed her applications for DIB, SSI, and WIB. Tr. at 237-43 (DIB); Tr. at 244-50 (SSI); Tr. at 251-52 (WIB).[4] In all three applications, Plaintiff alleged a disability onset date of May 8, 2016. Tr. at 237, 244, 252. Plaintiff later amended her alleged disability onset date to April 28, 2017. Tr. at 16, 54, 269. The applications were denied initially. Tr. at 101, 124-34, 135-38, 147 (DIB); Tr. at 99, 102-12, 143-46, 149 (SSI); Tr. at 100, 113-23, 140 (WIB).

On July 31, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] See Tr. at 50-98. At the time of the hearing, Plaintiff was fifty-one years old. See Tr. at 55. On December 3, 2018, the ALJ issued a

---

[4] Although actually completed on April 17, 2017, see Tr. at 237, the protective filing date of the DIB and SSI applications is listed elsewhere in the administrative transcript as March 24, 2017, see, e.g., Tr. at 102, 124.

[5] The record does not reflect that the SSA reconsidered the initial denial (as is typical) before the ALJ held a hearing. See generally Tr.; see also Tr. at 30 (ALJ's Decision reciting procedural history).

Decision ("ALJ's Decision") finding Plaintiff not disabled through the date of the ALJ's Decision. See Tr. at 30-43.

Thereafter, Plaintiff requested review of the ALJ's Decision by the Appeals Council and submitted additional evidence in the form of a brief authored by Plaintiff's representative. Tr. at 13-14, 19-21, 228. On June 17, 2020, the Appeals Council granted Plaintiff's request for review as to the WIB application, Tr. at 229-33, and on August 4, 2020, denied Plaintiff's request for review as to the DIB and SSI applications, Tr. at 10-12. Although the Appeals Council reviewed the ALJ's denial of the WIB application, it still issued an unfavorable decision ("Appeals Council Decision") on that application, Tr. at 4-8, making its decision the final decision of the SSA with respect to the WIB claim, Tr. at 1-3; see also Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998). The ALJ's Decision became the final decision of the SSA as to the DIB and SSI claims. Tr. at 10; see also Falge, 150 F.3d at 1322.

On October 6, 2020, Plaintiff commenced this action under "42 U.S.C. § 405(g)" by timely filing a Complaint (Doc. No. 1) seeking judicial review of the "decision of the [SSA] denying Plaintiff's application for Widow's Insurance Benefits for lack of disability" and attaching the first page of the Appeals Council's Decision on the WIB claim (Doc. No. 1 at p.7). Plaintiff filed an Amended Complaint (Doc. No. 4) on October 7, 2020, still only requesting the Court review the WIB claim. See Am. Comp. at 1; see also id. at 2 (Wherefore

3

clause requesting that the Court "[f]ind that [] Plaintiff is entitled to Widow's Insurance benefits under the provisions of the [SSA]" or "[r]emand the case for a hearing" and other ancillary relief).

Despite only challenging the WIB denial in her Complaint and Amended Complaint, in the parties' Joint Memorandum discussing the issues on appeal, Plaintiff states she is challenging the SSA's "determinat[ion] that she is not disabled and as such not eligible for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits." Joint Memorandum (Doc. No. 28; "Joint Memo"), filed October 4, 2021, at 1. Further, in making their respective arguments, both parties focus solely on the ALJ's Decision (which is applicable to the DIB and SSI claims) and do not mention the Appeals Council's Decision (which is applicable to the WIB claim). See Joint Memo at 19-48. As far as the issues raised, Plaintiff challenges: 1) the ALJ's assignment of "little weight" to the opinion of Jeanne Jagodzinski, ARNP-P, see id. at 19-24; 2) the ALJ's assignment of "great weight" to the opinion of Jennifer Ochoa, Psy.D., see id. at 37-39; and 3) the ALJ's reliance on allegedly erroneous VE testimony about the types of jobs Plaintiff can perform, see id. at 43-44.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

4

## II.   The ALJ's Decision and the Appeals Council's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ's Decision first dismissed Plaintiff's request for a hearing on her WIB claim (leaving intact the initial denial of that claim), Tr. at 31, and then followed the five-step inquiry with respect to the DIB and SSI claims, see Tr. at 33-42. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 28, 2017, the amended alleged onset

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

date." Tr. at 33 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: seizure disorder; neuropathy; and an unspecified anxiety disorder." Tr. at 33 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 33 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). [Plaintiff] is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently. She can stand/walk for a total of 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds, but frequently can climb ramps and stairs. She can frequently balance, stoop, kneel, crouch, and crawl. She should avoid workplace hazards such as unprotected heights and unshielded rotating machinery. She is not able to drive. [Plaintiff] is limited to performing simple, routine, repetitive tasks.

Tr. at 35 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "Retail cashier." Tr. at 41 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and

6

found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 41 (emphasis and citation omitted), such as "Ticket seller," "Office helper," and "Remnant sorter," Tr. at 42. The ALJ concluded Plaintiff "has not been under a disability . . . from April 28, 2017, through the date of th[e D]ecision." Tr. at 42 (emphasis and citation omitted).

The Appeals Council, in granting review as to the WIB claim only, found that the ALJ had erroneously dismissed the request for a hearing on that claim. Tr. at 4. The Appeals Council went on to make findings on the WIB claim that in large part were adopted from the ALJ's Decision regarding the DIB and SSI claims, but the Appeals Council elaborated on the ALJ's findings to a degree. Tr. at 5-8. The ALJ's conclusions at each of the five sequential inquiry steps were applied by the Appeals Council to the WIB claim. Tr. at 5-8. Ultimately, the Appeals Council found Plaintiff "was not disabled . . . at any time through December 3, 2018, the date of the [ALJ's] Decision." Tr. at 8.

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge, 150 F.3d at 1322). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395

7

F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

As explained above, the legal challenges Plaintiff brings (and Defendant argues against) in the Joint Memorandum focus entirely on the DIB and SSI claims and the ALJ's Decision. Yet, the Complaint and operative Amended Complaint only plead for the Court to review the final decision as to the WIB claim, to which the Appeals Council's Decision applies. This discrepancy is material because the Appeals Council addresses in its Decision Plaintiff's legal arguments she makes in the Joint Memorandum (that the ALJ erred in

8

evaluating the opinions of Ms. Jagodzinski and Dr. Ochoa, and that the ALJ erred in relying on the VE's testimony). See Tr. at 5. And, Plaintiff is bound by the allegations in her Amended Complaint about which final decision(s) she is challenging; these challenges cannot evolve with later case filings that are not deemed pleadings under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 7 (a) (naming the types of pleadings allowed).

On the foregoing bases, the final decision of the SSA with respect to the WIB claim is due to be summarily affirmed because Plaintiff has not mounted any specific legal challenge to the Appeals Council's Decision. See Clough v. Comm'r of Soc. Sec., 813 F. App'x 436, 443 n.3 (11th Cir. 2020) (citation omitted) (lack of specific legal challenges results in the Court deeming any argument abandoned). To the extent that Plaintiff now seeks to challenge the DIB and SSI denials through her arguments in the Joint Memorandum, the Court need not consider such arguments because it does not have jurisdiction to entertain these challenges without Plaintiff having timely appealed the SSA's final decision on the DIB and SSI claims in her pleadings. See 20 C.F.R. §§ 404.981, 416.1481 (Appeals Council's Decision is binding unless appealed to the district court within 60 days); see also Lawton v. Comm'r of Soc. Sec., 431 F. App'x 830, 832 (11th Cir. 2011) (observing that a plaintiff's "initial brief [on appeal to the United States Court of Appeals for the Eleventh Circuit] suggest[ed] that he did

9

not intend to challenge the [Appeals Council's] denial of review" and considering only evidence pertaining to the ALJ's Decision).

Even if the Court liberally construes Plaintiff's legal arguments as applying to her WIB claim and/or if the Court somehow has jurisdiction to entertain Plaintiff's legal challenges to the DIB and SSI claims, the SSA's final decision is still due to be affirmed. To the extent Plaintiff challenges the ALJ's evaluation of opinions by Ms. Jagodzinski and Dr. Ochoa, see Joint Memo at 19-24, 37-39, both the ALJ and the Appeals Council correctly noted that Ms. Jagodzinski's opinion was provided on a preformatted checklist without adequate explanation for the suggested limitations. Tr. at 41, 5; see Tr. at 648-51. They further found that the marked and extreme limitations assigned by Ms. Jagodzinski were not consistent with the opinion of Dr. Ochoa and were not otherwise substantiated by the record. Tr. at 41, 5; compare Tr. at 648-51 (Ms. Jagodzinski's opinion), with Tr. at 535-39 (Dr. Ochoa's opinion). As to Dr. Ochoa's opinion, both the ALJ and the Appeals Council found it was inconsistent with that of Ms. Jagodzinski. Tr. at 41, 5. In addition, the ALJ noted Dr. Ochoa's opinion was "based on a single encounter with [Plaintiff] and not a long-term treating relationship" before accepting it only to the extent it was consistent with the ALJ's other findings. Tr. at 40; see Tr. at 535-39. These conclusions reflect adequate consideration of the relevant factors, see 20 C.F.R. § 404.1520c, and are supported by substantial evidence.

10

Plaintiff also challenges the ALJ's reliance on the VE's testimony. Joint Memo at 43-44. Plaintiff contends the ALJ did not ask about any conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT) as required,[7] and argues this failure was harmful because two out of the three jobs identified by the VE require reasoning levels beyond Plaintiff's limitations. Id. But, Plaintiff does not challenge the third job, remnant sorter, as being inconsistent with the VE's testimony. See id. The existence of 518,000 of the remnant sorter jobs in the national economy, see Tr. at 42, alone is substantial evidence upon which the ALJ could base the step five findings. Moreover, the Appeals Council considered—and rejected—Plaintiff's argument that the other two jobs conflict with the DOT. See Tr. at 5; see also Buckwalter, 5 F. 4th at 1319-24. There is no reversible error in this regard.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final

---

[7] If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see also Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315 (11th Cir. 2021); SSR 00-4P, 2000 WL 1898704, at *2.

decision.

      2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 24, 2022.

                                          JAMES R. KLINDT
                            United States Magistrate Judge

kaw
Copies:
Counsel of Record